IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| | ) | |
| TRUIST FINANCIAL CORP., | ) | |
| HARTFORD LIFE AND | ) | |
| ACCIDENT INSURANCE | ) | |
| COMPANY | ) | |
| Defendants | ) | |

## MOTION TO PROCEED ANONYMOUSLY

Comes now the Plaintiff and shows the Court as follows:

1.

The simultaneously filed Complaint involves a claim for short and long term benefits that have not been paid by Defendants.

2.

Plaintiff, Jane Doe was an employee of Defendant Truist Financial Corp., and a member of the short term plan. Plaintiff was also covered under the long term plan insured by Defendant Hartford Life and Accident Insurance Company.

3.

Plaintiff, Jane Doe, suffers from severe mental problems.

4.

This case centers around whether or not Plaintiff is totally disabled from her position as a Wealth Advisor.

5.

Plaintiff is currently disabled, but relatively young and she hopes to recover.

6.

In this age of limited privacy and the internet, filing a lawsuit involving the Plaintiff's true name would not respect her privacy. It is hoped that the Plaintiff will overcome these problems and will become a fully functioning and productive member of society again. If Plaintiff cannot proceed anonymously, this lawsuit seeking justifiable benefits could mar her vocational and social future.

7.

The case law on the subject, namely <u>Roe v. Aware Woman's Center for Choice, Inc.</u>, has indicated that where there are issues regarding a personal and intimate nature, a Plaintiff may proceed anonymously. 253 F.3d 678, 685 (11th Cir. 2001). It is true that anonymous litigation is generally disfavored but Courts have considerable discretion to permit it. There is no real categorical approach to anonymity and apparently Courts mainly weigh the circumstances of each stated case. It appears that

the 11th Circuit asks whether Plaintiff's interest in anonymity outweighs the public's interest in disclosure.  Id.  In this case, Plaintiff's interest in anonymity does outweigh the public's interest in disclosure and any prejudice to the  Defendants.

8.

Moreover, the Complaint has been drafted in such a way as to give the Defendants the ability to identify the Plaintiff itself through the use of her individual plan identification number and the group plan number.  Therefore, Defendant will not be overly prejudiced in these circumstances.

WHEREFORE, Plaintiff respectfully asks that the Court grant the right to proceed anonymously since Plaintiff's mental health is a central issue in this case.

This 10th day of May, 2022.

                                                               *s/Heather K. Karrh*
                                                               Heather K. Karrh
                                                               Georgia Bar No. 408379

ROGERS, HOFRICHTER &
  KARRH LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I have served the foregoing Motion with the Complaint on Defendants' registered agents.

    Truist Financial Corp.:

    Corporation Service Company
    2 Sun Court, Suite 400
    Peachtree Corners, GA 30092


    Hartford Life and Accident Insurance Company:

    CT Corporation System
    289 S. Culver St.
    Lawrenceville, GA 30046-4805

This <u>10th</u> day of May, 2022.

                                          *s/Heather K. Karrh*
                                          HEATHER K. KARRH
                                          Attorney for Plaintiff
                                          Ga. State Bar No. 408379