IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>TRUIST FINANCIAL CORP. and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No.<br>1:22-cv-01851-VMC |

**ORDER**

Before the Court is Plaintiff's Motion to Proceed Anonymously (Doc. 2, "Motion"). Plaintiff was an employee of Defendant Truist Financial Corp. which provided short term disability benefits to its employees through the Truist Financial Corporation Employee Benefit Plan. (Compl. ¶ 9, Doc. 1). Plaintiff ceased working on April 22, 2021 due to severe anxiety which manifested in psychological and emotional distress and panic attacks. (*Id.* ¶ 18). Plaintiff was denied short term disability benefits by the Plan's administrator, Defendant Hartford Life and Accident Insurance Company, a determination which she challenges here. (*Id.* ¶¶ 11, 22, 34).

Plaintiff seeks to proceed anonymously because she is concerned that this suit, regarding whether she "is totally disabled from her position as a Wealth

Advisor," "could mar her vocational and social future" in the event that she overcomes her "severe mental problems." (Motion ¶¶ 3–6).

## DISCUSSION

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all parties." The Eleventh Circuit has found that this requirement "serves more than administrative convenience . . . . It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "This creates a strong presumption in favor of parties proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), and courts permit plaintiffs to proceed under an anonymous or fictitious name only in "exceptional cases." *Frank*, 951 F.2d at 322.

Even so, "the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Francis*, 631 F.3d at 1315-16 (citations and quotations omitted). To determine whether a plaintiff has demonstrated such a privacy right, a court must consider "all the circumstances of a given case," but with particular and preliminary focus on three factors: (1) whether the plaintiff is seeking anonymity to challenge government activity; (2) whether the plaintiff will

be required to disclose information of the utmost intimacy; and/or (3) whether the plaintiff will be compelled to admit an intention to engage in illegal activity and/or otherwise risk criminal prosecution. *Id.* at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)). Other factors favoring anonymity include whether the plaintiff is a minor (or otherwise particularly vulnerable) and whether the plaintiff might be subject to violence or physical harm. *Id.* Anonymity is disfavored, however, if it "pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

The Court finds instructive Judge Larkins's opinion regarding proceeding anonymously in *Doe v. Cisco Systems, Inc.*, No. 1:18-cv-1558-CC-JKL (N.D. Ga. Feb. 20, 2019). There, an employment discrimination plaintiff sought relief from disclosing her identity based in part on her cancer diagnosis and how it "would increase the likelihood of future discrimination because employers would have concerns about recurrence and hiring individuals with 'risky health profiles.'" *Id.*, slip op. at 5. Judge Larkins denied this request, noting that "[t]he concerns [P]laintiff has raised are concerns that could be raised by plaintiffs in many employment discrimination cases, including many asserting claims for discrimination based upon disabilities." *Id.*, slip op. at 11 (quoting *Doe v. Ind. Black Expo*, 923 F. Supp. 137, 142–43 (S.D. Ind. 1996)) (internal quotations omitted).

The Court acknowledges that Judge Larkins's case "[did] not involve a medical condition with a severe social stigma." *Id.*, slip op. at 11. While Plaintiff does not directly argue that mental illness is stigmatized, the Court recognizes "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness." *Frank*, 951 F.2d at 324 (citing *Doe v. Colautti*, 592 F.2d 704 (3d Cir.1979)). However, alleging the existence of a mental illness alone is not sufficient to meet the relevant standard; "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (citing *Stegall*, 653 F.2d at 186)).

A helpful analysis of mental illness as a basis for proceeding anonymously in the employment context is found in *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996). In that case, the plaintiff alleged he was "subjected to unlawful harassment, and ultimately was fired unlawfully" for reasons "including creating a 'stressful and abusive work environment' that caused stress aggravating plaintiff's 'stress related problems,' and firing him for taking time off to receive mental health treatment." *Id.* The plaintiff sought to proceed anonymously based on a concern for his "current employment and other business interests." *Id.* at 140–41.

That court denied leave to proceed anonymously. *Id.* at 143. First, it noted that even where the "defendants know the plaintiff's identity," there is a still possibility of prejudice to defendants who would be hindered in their efforts "to defend themselves from adverse publicity and other collateral, but often inevitable, effects of civil litigation." *Id.* at 141. Next, the court noted that while the plaintiff's concerns about his privacy were understandable, there was "no issue here of physical safety or retaliation . . . [and that the] concerns in this case are centered upon his economic well-being and possible embarrassment or humiliation." *Id.* at 142. It reasoned that "courts have generally rejected attempts to proceed under fictitious names based solely on such concerns." *Id*. Instead, it observed that "[t]he concerns this plaintiff has raised are concerns that could be raised by plaintiffs in many employment discrimination cases, including many asserting claims for discrimination based upon disabilities." *Id.*

The Court, with the benefit of the above persuasive authority, finds that Plaintiff has not met her burden of showing a need to proceed anonymously which outweighs the presumption of judicial openness. The Court recognizes the real concerns Plaintiff has with the impact of this litigation on future employment, but Plaintiff does not allege a risk of physical harm or harassment, or any impact at all outside of the employment context other than a vague reference to her "social future." Moreover, Plaintiff has not met any of the other factors under *Francis*, as

she is not challenging government activity and does not face a risk of criminal prosecution. *Francis*, 631 F.3d at 1316. Instead, "[t]he concerns [P]laintiff has raised are concerns that could be raised by plaintiffs in many [cases related to] employment." *Cisco Systems,* No. 1:18-cv-1558-CC-JKL, , slip op. at 11 (quoting *Ind. Black Expo*, 923 F. Supp. at 142–43). As such, the Court will deny Plaintiff's Motion.

Judge Larkins identified certain less restrictive alternatives in *Cisco Systems* for protecting a plaintiff's identity, which the Court offers here:

> First, the Court will refer to Plaintiff by her first name and last initial in future orders, consistent with its practice in Social Security cases (where there is a similar concern over the disclosure of medical information). Second, confidential medical records or other evidence containing explicit and/or sensitive health information may be redacted and/or filed under seal consistent with the Court's Local Rules. Third, the Court . . . [stands ready to issue] a protective order that further protects Plaintiff's privacy interests. Thus, while Plaintiff may not conceal her name from the complaint and docket, other procedures may be utilized to address the privacy concerns she has identified.

*Id.*, slip op. at 12–13.

## CONCLUSION

For the above reasons, Plaintiff's Motion to Proceed Anonymously (Doc. 2) is **DENIED**. Plaintiff is **DIRECTED** to amend her complaint to comply with Rule 10(a)'s naming requirements within 21 days of the entry of this Order.

**SO ORDERED** this 7th day of June, 2022.

_____
Victoria Marie Calvert
United States District Judge